# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LONDREY GRIFFIN,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:16-cv-00277-EPG-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner Eric Londrey Griffin is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Northern District of Florida. On February 29, 2016, Petitioner filed the instant petition. (ECF No. 1).

**I.**

**DISCUSSION**

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). In contrast, a

1

prisoner challenging the manner, location, or conditions of a sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Despite Petitioner's assertion that he is challenging a "fundamental defect in the execution of the detention," the instant petition challenges the sentence imposed by the United States District Court for the Northern District of Florida in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2552 (2015). (ECF No. 1 at 6, 13).[1] Further, the relief Petitioner seeks is for the Court to "vacate current federal sentence and conduct *de novo* resentencing in which [Petitioner] would not be deemed an armed career criminal." (Id. at 18). This is an attack on the validity of Petitioner's federal sentence. Therefore, the appropriate procedure would be to file a § 2255 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court.

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison, 519 F.3d at 956; Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 F.3d at 898. In <u>Bousley</u>, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." <u>Id.</u> With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060.

It is unclear to the Court at this time whether the Court has jurisdiction over the instant petition pursuant to the savings clause of § 2255(e). Pursuant to the Court's authority under Rule 4 of the Rules Governing Section 2254 Cases,[2] the Court orders Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. The parties shall submit briefing addressing whether the Court has jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e).

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner SHOW CAUSE why the petition should not be dismissed for lack of jurisdiction under 28 U.S.C. § 2241 within **THIRTY (30) days** of the date of service of this order; and

2. Respondent SHALL FILE a reply to Petitioner's response to the order to show cause

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1    within **THIRTY (30) days** of the date Petitioner's brief is filed with the Court.

2    All briefs shall be filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). These dates should be considered as firm by all parties. Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **March 14, 2016**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE