IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC LONDREY GRIFFIN,
    Petitioner,

vs.                                        Case No.: 3:16cv367/LAC/EMT

ANDRE MATEVOUSIAN,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Eric Londrey Griffin ("Griffin"), an inmate of the federal Bureau of Prisons currently incarcerated at the United State Penitentiary in Atwater, California, commenced this habeas case by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2241, in the United States District Court for the Eastern District of California, Case No. 1:16cv277/LJO/EPG/HC (ECF No. 1). The California federal court granted Griffin leave to proceed in forma pauperis (ECF No. 3). Griffin's § 2241 petition challenges the sentence imposed by this Court, on the ground that it was improperly enhanced under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ECF No. 1 at 6, 13–17). Griffin cites the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2552 (2015) in support of his argument, and he seeks appointment of counsel and re-sentencing (*id.* at 18).

On May 18, 2016, the magistrate judge assigned to Griffin's California habeas case issued Findings and Recommendation, recommending that the § 2241 petition be transferred to the United State District Court for the Northern District of Florida, because it attacked the validity of Griffin's federal sentence imposed in this Court, and Griffin failed to establish that he qualified to bring a § 2241 petition under the savings clause of 28 U.S.C. § 2255(e) (*see* ECF No. 10). The district judge assigned to the California case issued an order on July 19, 2016, adopting the Findings and Recommendation, and transferring the § 2241 petition to this Court (ECF No. 11).

This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of the pleadings, as well as the docket of Petitioner's federal criminal case, Case No. 3:00cr75/LAC/EMT, it is the opinion of the undersigned that the instant § 2241 case should be dismissed.

The California court improperly transferred Griffin's § 2241 petition. Jurisdiction for § 2241 petitions lies only in the district of confinement, in this case the Eastern District of California. *See* Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); *see also, e.g.*, Garcia v. Warden, 470 F. App'x 735, 736 (11th Cir. 2012). Therefore, Griffin's § 2241 petition should not have been

transferred to the Northern District of Florida, and the Northern District does not have jurisdiction to reach the merits of savings clause issue (i.e., whether Griffin may bring his Johnson claim in a § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255(e)). *See id.* However, re-transferring the case to the Eastern District of California would be futile, in light of that court's determination that Griffin does not qualify to bring a § 2241 petition under the savings clause.

To the extent that the California court assumed that this court would construe Griffin's § 2241 petition as a successive § 2255 motion,[1] the undersigned notes that Griffin already has a successive § 2255 motion pending. On May 27, 2016, prior to the California court's transferring Griffin's § 2241 petition to this Court, the Eleventh Circuit granted Griffin leave to file a second or successive § 2255 motion asserting the same claim that he raises in the instant § 2241 petition. *See* United States v. Griffin, No. 3:00cr75/LAC, Order of USCA (N.D. Fla. May 27, 2016). On June 17, 2016, the Federal Public Defender's Office filed a notice of appearance on Griffin's behalf and a § 2255 motion. *See id.*, Notice of Appearance, Motion to Vacate under 28 U.S.C.

---

[1] Griffin filed his first § 2255 motion on January 16, 2007. *See* United States v. Griffin, Nos. 3:00cr75/LAC, 3:07cv51/LAC/MD, Motion to Vacate under 28 U.S.C. § 2255 (N.D. Fla. Jan. 30, 2007). This Court dismissed the motion as untimely on March 15, 2007. *See id.*, Order (N.D. Fla. Mar. 15, 2007). Griffin filed a second § 2255 motion on October 23, 2014. *See* United States v. Griffin, Nos. 3:00cr75/LAC, 3:14cv608/LAC/CJK, Motion to Vacate under 28 U.S.C. § 2255 (N.D. Fla. Oct. 27, 2014). This Court dismissed the motion for lack of jurisdiction on December 10, 2014. *See id.*, Order (N.D. Fla. Dec. 10, 2014).

Case No.: 3:16cv367/LAC/EMT

2255 (N.D. Fla. June 17, 2016). Counsel for Griffin filed a supporting memorandum on July 19, 2016, arguing that Griffin is entitled to a new sentencing hearing due to the improper application of the ACCA. *See id.*, Memorandum (N.D. Fla. July 19, 2016).

The Eleventh Circuit's granting of Griffin's application to file a successive § 2255 motion, and the pendency of that § 2255 motion in this court, renders it futile to recharacterize Griffin's pleading in this case as a § 2255 motion.

Because this Court lacks jurisdiction to consider Griffin's § 2241 petition, and because either construing his petition as a successive § 2255 motion or transferring his petition back to the district of his confinement would be futile, dismissal of this § 2241 action is warranted.

Accordingly, it is **ORDERED**:

That the clerk of court send a copy of this Report and Recommendation to Randolph Murrell of the Federal Public Defender's Office

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED**.

At Pensacola, Florida this 26<u>th</u> day of July 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**